**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ADRIANN BORUM *et al.*, <br><br> *Plaintiff*s, <br><br> v. <br><br> BRENTWOOD VILLAGE, LLC, *et al.*, <br><br> *Defendants.* | Case No. 16-cv-01723-RC |

**PLAINTIFFS ADRIANN BORUM AND MARITA MOORE'S MOTION FOR VOLUNTARY DISMISSAL**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs Ms. Adriann Borum and Ms. Marita Moore hereby move the Court to voluntarily dismiss with prejudice (1) all claims brought on behalf of Ms. Borum in her individual capacity; and (2) Ms. Moore's discriminatory statement claims, Count 3 and Count 4 of the First Amended Complaint.

Plaintiffs attempted to dismiss these claims without the Court's intervention. In Plaintiffs' opposition to Defendants' motion for summary judgment, Plaintiffs noted that Ms. Borum and Ms. Moore intended to file a joint stipulation dismissing their individual claims. *See* ECF 170-3. To that end, Plaintiffs sent Defendants draft stipulations that would have (1) dismissed the individual claims with prejudice, and (2) stipulated that each party would bear its own attorneys' fees and costs for litigating the individual claims, as is typical in the American judicial system.[1] After some productive discussions, Defendants did not respond to the last draft stipulation of dismissal circulated by Plaintiffs this fall. Plaintiffs assumed that the lack of

---

[1] Although there are currently unresolved fee disputes before the Court, none of them are related to Ms. Borum or Ms. Moore's individual claims.

response was due to some oversight on Defendants' part, possibly due to Defense counsel's change in law firm.

After receiving an inquiry from the Court on February 18, 2020 regarding the status of the dismissal, Plaintiffs again asked Defendants whether they would agree to the most recent draft stipulation of dismissal sent by Plaintiffs. At that time, Defendants informed Plaintiffs they would not agree to any stipulation that included language addressing attorneys' fees as they are not a "proper subject" for stipulation. *See* Ex. A (Edney email). Defendants' position ignores that language confirming the absence of fee-shifting is commonly included in similar stipulations. Indeed, a cursory PACER search identifies numerous recent examples of this language in stipulations entered in cases involving these same Defendants, *see* Ex. B–E, and other cases where Defense Counsel served as counsel of record, *see* Ex. F–H. Despite their refusal to include such standard language, Defendants have not identified any fee-shifting provision they claim would apply to alter the standard American rule.

In light of Defendants' refusal to enter a stipulation including such typical language, and in order to resolve this issue promptly, Plaintiffs now file this motion to request that the Court dismiss these claims pursuant to Rule 41(a)(2).

Rule 41(a)(2) provides that, subject to certain exceptions inapplicable here, a plaintiff may request dismissal of her action "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Motions for dismissal under Rule 41(a)(2) "generally [are] granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Johnson v. Wynne*, 239 F.R.D. 283, 285 (D.D.C. 2006) (quoting *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986)). "A court applying Rule 41(a)(2) must consider (1) whether the plaintiff seeks the motion for voluntary

dismissal in good faith, and (2) whether the dismissal would cause the defendant 'legal prejudice.'" *Mittakarin v. InfoTran Sys., Inc.*, 279 F.R.D. 38, 41 (D.D.C. 2012). Legal prejudice is analyzed by reference to "(1) the defendants' effort and expense in preparation for trial; (2) excessive delay or lack of diligence on the plaintiffs' part in prosecuting the action; (3) the adequacy of the plaintiffs' explanation for voluntary dismissal; and (4) the stage of the litigation at the time the motion to dismiss is made." *Id.*

Ms. Borum and Ms. Moore move the Court for dismissal in good faith, and Defendants will not suffer any legal prejudice if the Court grants Plaintiffs' request. Plaintiffs Borum and Moore diligently pursued their claims in their respective roles as class representatives. Both of them became involved in this litigation because they wanted to represent families at Brookland Manor whose homes are threatened by Defendants' redevelopment plans. Their claims were pleaded in good faith, supported by evidence available pre-suit and from subsequent discovery, and were found by the Court to survive a motion to dismiss. They have now decided to withdraw the claims due to changed circumstances, such as Ms. Borum's eviction proceedings based on unrelated allegations involving one of her family member's activities, and in order to streamline the litigation. Accordingly, this dismissal request promotes judicial efficiency.

Any effort or expense Defendants have spent to defend against Ms. Borum and Ms. Moore's individual claims is indistinguishable from Defendants' defense against the identical claims brought on behalf of the certified class, most of which remain in active litigation. Therefore, the dismissal of these individual claims will not legally prejudice Defendants. Plaintiffs notified Defendants that they intended to dismiss these claims, and sought Defendants' cooperation in achieving that goal in an efficient manner. Moreover, although the default under Rule 41(a)(2) is dismissal without prejudice, in light of the state of proceedings,

Plaintiffs Borum and Moore agree that the Court may dismiss their individual claims with prejudice, so as to ensure that no legal prejudice would result.

      Plaintiffs Borum and Moore respectfully request that the Court grant this motion and dismiss their individual claims with prejudice, with an entry noting that the parties are to bear their own costs and fees in litigating these claims.

DATED: February 25, 2020　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　COVINGTON & BURLING LLP

　　　　　　　　　　　　　　　　　　　　　　By: s/ Maureen F. Browne
　　　　　　　　　　　　　　　　　　　　　　Maureen F. Browne (Bar No. 441440)
　　　　　　　　　　　　　　　　　　　　　　(mbrowne@cov.com)
　　　　　　　　　　　　　　　　　　　　　　Nooree Lee (Bar No. 1001687)
　　　　　　　　　　　　　　　　　　　　　　(nlee@cov.com)
　　　　　　　　　　　　　　　　　　　　　　Amber M. Charles (Bar No. 1035226)
　　　　　　　　　　　　　　　　　　　　　　(acharles@cov.com)
　　　　　　　　　　　　　　　　　　　　　　COVINGTON & BURLING LLP
　　　　　　　　　　　　　　　　　　　　　　One City Center
　　　　　　　　　　　　　　　　　　　　　　850 10th Street NW
　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20001
　　　　　　　　　　　　　　　　　　　　　　Telephone: (202) 662-6000

　　　　　　　　　　　　　　　　　　　　　　WASHINGTON LAWYERS' COMMITTEE
　　　　　　　　　　　　　　　　　　　　　　FOR CIVIL RIGHTS & URBAN AFFAIRS

　　　　　　　　　　　　　　　　　　　　　　By: s/ Hannah Lieberman
　　　　　　　　　　　　　　　　　　　　　　Hannah Lieberman (Bar No. 336776)
　　　　　　　　　　　　　　　　　　　　　　(hannah_lieberman@washlaw.org)
　　　　　　　　　　　　　　　　　　　　　　Catherine Cone (Bar No. 1032267)
　　　　　　　　　　　　　　　　　　　　　　(catherine_cone@washlaw.org)
　　　　　　　　　　　　　　　　　　　　　　WASHINGTON LAWYERS' COMMITTEE
　　　　　　　　　　　　　　　　　　　　　　FOR CIVIL RIGHTS & URBAN AFFAIRS
　　　　　　　　　　　　　　　　　　　　　　700 14th Street NW, Suite 400
　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20005
　　　　　　　　　　　　　　　　　　　　　　Telephone: (202) 319-1000

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs Adriann Borum and Marita Moore*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that, on this 25th day of February 2020, a true and correct copy of the foregoing Motion for Leave to Exceed Page Limits was sent to Defendants' counsel via CM/ECF.  The requirements of service and proof of service on this Motion are satisfied by the automatic notice of filing sent by the CM/ECF software in accordance with the Local Rules of this Court.

      /s/ Maureen F. Browne

      Maureen F. Browne